IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                   CASE NO. 3:14cr93/MCR

KEVIN D. WEBSTER
_____/

### FACTUAL BASIS FOR GUILTY PLEA

This statement of facts is submitted on behalf of the undersigned parties. All parties agree that if the above-captioned case were to go to trial, the government could produce competent, substantial evidence of the following facts to prove Defendant is guilty of the offense(s) charged in the Indictment to which Defendant is pleading guilty. The parties further agree that not all of the facts known from or related to this investigation are contained in this brief summary.

STATEMENT OF FACTS

Defendant Kevin D. Webster was a registered agent of Affordable Insurance and Financial Services, LLC ("AIFS"), a Florida insurance company, and was licensed to provide insurance services in multiple states. Starting in approximately 2007, financial advisors at a branch of Wells Fargo Advisors, LLC ("WFA"), located in Westlake Village, California, began referring clients to Defendant for insurance services, including homeowners, automobile, jewelry, and umbrella (or excess liability) insurance policies.

2/19/15
COURT, NORTHERN DIST. FL.

Between approximately 2008 and 2012, Defendant falsely and fraudulently represented that he had obtained umbrella insurance with United States Liability Insurance Group ("USLI") for certain "high profile" clients referred to him by WFA, when in fact, he had not. Defendant did not secure or attempt to secure umbrella insurance policies with USLI for these clients, but assured WFA and the clients that the policies had been obtained and coverage was in effect. Instead, Defendant converted client payments that were meant for umbrella policy premiums to his own personal use.

For the purpose of executing his insurance fraud scheme, Defendant sent wire communications from Pensacola, Florida, to WFA employees in California fraudulently representing that he had secured umbrella insurance policies, including the following:

a. On or about March 1, 2010, Defendant emailed to R.K. a Certificate of Liability Insurance dated February 27, 2010, for a one-year, $5 million umbrella insurance policy with USLI effective January 4, 2010, for M.P. for a $5,393.00 premium.

b. On or about March 1, 2010, Defendant emailed to R.K. a Certificate of Liability Insurance dated February 27, 2010, for a one-year, $4 million umbrella insurance policy with USLI effective January 30, 2010, for J.B.2 for a $4,938.00 premium.

c. On or about March 4, 2010, Defendant emailed to R.K. a Certificate of Liability Insurance dated March 1, 2010, for a one-year, $1 million umbrella insurance policy effective with USLI January 7, 2010, for G.C. for a $1,083.00 premium.

d.      On or about March 4, 2010, Defendant emailed to R.K. a Certificate of Liability Insurance dated March 1, 2010, for a one-year, $5 million umbrella insurance policy with USLI effective February 25, 2010, for D.H. for a $5,910.00 premium.

e.      On or about March 12, 2010, Defendant emailed to R.K. a Certificate of Liability Insurance dated March 1, 2010, for a one-year, $5 million umbrella insurance policy with USLI effective March 11, 2010, for S.W.

f.      On or about March 12, 2010, Defendant emailed to R.K. a Certificate of Liability Insurance dated March 1, 2010, for a one-year, $2 million umbrella insurance policy with USLI effective March 14, 2010, for S.S. for a $2,511.00 premium.

g.      On or about July 7, 2010, Defendant emailed to R.K. a Certificate of Liability Insurance dated June 4, 2010, for a one-year, $5 million umbrella insurance policy with USLI effective June 4, 2010, for M.T. for a $5,197.00 premium.

h.      On or about August 11, 2010, Defendant emailed to R.K. a Certificate of Liability Insurance dated August 11, 2010, for a one-year, $1 million umbrella insurance policy with USLI effective May 12, 2010, for B.M. for a $1,287.00 premium.

i.      On or about September 2, 2010, Defendant sent an email to R.K. stating that D.F.'s umbrella and jewelry policy had been cancelled effective May 15, 2010, but that Defendant "made sure his umbrella is good" and rewrote D.F. a new $5 million umbrella policy with USLI for a $5,197.00 premium.

j. On or about September 16, 2010, Defendant emailed to R.K., an employee of WFA, a Certificate of Liability Insurance dated August 19, 2010, for a one-year, $5 million umbrella insurance policy with USLI effective March 31, 2010, for J.B.1 for a $5,197.00 premium.

k. On or about November 10, 2010, Defendant emailed to R.K. and C.W. a Certificate of Liability Insurance dated November 10, 2010, for a one-year, $3 million umbrella insurance policy with USLI effective June 19, 2010, for A.H.

Defendant received an approximate total of $140,000 in payments from J.B.1, J.B.2, G.C., D.F., A.H., D.H., B.M., M.P., S.S., M.T., and S.W., which were intended to be used to pay for premiums for umbrella insurance policies with USLI, but were not applied to pay such premiums by Defendant.

## ELEMENTS

The elements of wire fraud, in violation of Title 18, United States Code, Section 1343, as charged in Counts One through Eleven of the indictment, are as follows:

(1) the Defendant knowingly devised or participated in a scheme to defraud someone, or obtain money or property, using false or fraudulent pretenses, representations, or promises;

(2) the false or fraudulent pretenses, representations, or promises were about a material fact;

(3) the Defendant intended to defraud someone; and

(4) the Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

_____
DONALD M. SHEEHAN
Attorney for Defendant

2/6/15
Date

_____
KEVIN D. WEBSTER
Defendant

2/6/15
Date

PAMELA C. MARSH
United States Attorney

_____
ALICIA H. KIM
Assistant United States Attorney

2/19/15
Date